## United States Bankruptcy Court
### Northern District of Iowa

In re  **Becky J Johnson**                                                                                           Case No. _____
                                       Debtor(s)                                           Chapter     **13**

## CHAPTER 13 PLAN

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$400.00** per month for **36** months.

   Total of plan payments: **$14,400.00**

2. Plan Length: This plan is estimated to be for **36** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses
      (1) Trustee's Fee:     **10.00**%
      (2) Attorney's Fee (unpaid portion):     **$2,201.00 to be paid through plan in monthly payments**
      (3) Filing Fee (unpaid portion):     **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      | Name | Amount of Claim | Interest Rate (If specified) |
      |---|---|---|
      | **Internal Revenue Service** | **2,418.00** | **0.00%** |

   c. Secured Claims

      (1) Secured Debts Which Will Not Extend Beyond the Length of the Plan

         (a) Secured Claims Subject to Valuation Under § 506.  The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a).  Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full.  Any remaining portion of the allowed claim shall be treated as a general unsecured claim.  Any claim with a secured value of $0 shall be treated as a general unsecured claim.

      | Name | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
      |---|---|---|---|
      | **Dupaco** | **6,800.00** | **pro rata** | **4.50%** |

   d. Unsecured Claims

      (1) General Nonpriority Unsecured: Other unsecured debts shall be paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor shall make regular payments directly to the following creditors:

   | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
   |---|---|---|---|
   | **City of Dubuque Housing Dept.** | **14,000.00** | **contract** | **contract** |
   | **Dupaco** | **64,975.00** | **contract** | **contract** |

6. Debtor's brother, Bill Nadermann, co-signed on the Synchrony Bank/Home Design HVAC debt. Debtor has paid approximately $75 per month to him keep this debt current, and will continue to do so throughout the life of this plan.

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE.  Payments to be made directly by debtor without wage deduction.**

8. Property to Be Surrendered to Secured Creditor

   | Name | Amount of Claim | Description of Property |
   |---|---|---|
   | **Dutrac** | **4,454.00** | **boyfriend's vehicle--2002 Ford F150** |
   | **Harley Davidson** | **18,032.00** | **2014  Harley Davidson Heritage Softail** |
   | **Harley Davidson** | **15,201.00** | **2014 Harley Davidson Street Bob** |

9. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

10. Debtor will submit non-exempt disposable income to the trustee during the life of this plan.

11. Once the bar date to file claims has passed, Debtors shall be obligated to serve pleadings only on those creditors who have either filed a proof of claim in this matter or otherwise requested to receive notice of pleadings.

Date  **September 30, 2015**    Signature  **/s/ Becky J Johnson**
                                           **Becky J Johnson**
                                           Debtor